**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE LUIS MORALES, | No. 11-15809 |
| Plaintiff - Appellant, | D.C. No. 4:08-cv-04441-PJH |
| v. | |
| ROBERT A. HOREL, Warden; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, District Judge, Presiding

Submitted February 21, 2012[**]

Before:    FERNANDEZ, McKEOWN, and BYBEE, Circuit Judges.

Jose Luis Morales, a California state prisoner, appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging that

defendants were deliberately indifferent to his serious medical needs.  We have

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291. We review de novo. *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004). We affirm.

The district court properly granted summary judgment for defendants Pompan, Risenhoover, and Duncan because Morales failed to raise a genuine dispute of material fact as to whether defendants' treatment of Morales's right knee constituted deliberate indifference. *See id.* at 1057-58 (deliberate indifference occurs when the prison official knows of and disregards an excessive risk to the inmate's health and safety; a mere disagreement between a prisoner and medical personnel over the proper course of treatment fails to establish deliberate indifference). Morales does not challenge the dismissal of the other defendants named in his original complaint.

The district court did not abuse its discretion by denying Morales's motion for appointment of counsel because Morales failed to demonstrate exceptional circumstances. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (setting forth standard of review and "exceptional circumstances" requirement).

Morales's remaining contentions are unpersuasive.

The district court did not mention Morales's state law claim in the order granting summary judgment. We deem the state law claims to have been dismissed without prejudice. *See* 28 U.S.C. § 1367(c)(3).

**AFFIRMED.**

2                                                                                          11-15809